In re EKSERGIAN.
Patent Appeal No. 3875.

Court of Customs and Patent Appeals.
Dec. 6, 1937.

Carl T. Mack, of Washington, D. C. (John P. Tarbox, of Philadelphia, Pa., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The Primary Examiner of the United States Patent Office rejected, for want of patentability in view of the prior art, all the claims of appellant's application for a patent relating to a sheet metal structure and method of making the same. After final rejection by the Primary Examiner, appellant canceled all the claims in his application, except claims 11 and 13, both of which are method claims. From the decision of the Primary Examiner rejecting said claims 11 and 13, appellant appealed to the Board of Appeals, where the decision of the Examiner as to these claims was affirmed. We are asked to review upon appeal the decision of the Board. Claims 11 and 13 follow:

"11. The method of producing a sheet metal wall structure comprising spaced exterior sheet metal panels and intervening sheet metal spacing and connecting members which consists in providing welding projections between the members at the points at which it is desired they be connected together and thereafter simultane-

ously projection welding both exterior walls to the intervening member throughout one fractional area at a time comprehending a multiplicity of welds spaced in more than one direction by passing electric current from one exterior wall to the other.

"13. A method according to claim 11 in which a plurality of projection welds are simultaneously made in an extended area of the wall characterized by an initial choice of such area less than the whole area of the wall and a multiplication of such welding of areas of substantially equal extent until the areas adjoin each other and throughout the whole wall is welded."

Three of the references relied upon by the Examiner were cited against some of the claims which are not involved here and will not be considered by us. The references relied upon are: Lachman, 828,-033, August 7, 1906; Rietzel, 928,701, July 20, 1909; Budd et al., 1,042,885, October 29, 1912; Gravell, 1,156,898, October 19, 1915; Lawson, 1,901,176, March 14, 1933.

The appellant describes his alleged invention as follows:

"The invention as disclosed relates to the fabrication of composite sheet metal paneling, wall material or panel-like structures, such as doors, partitions, etc., of definite area, by electric resistance welding, or better still, by progressive electric resistance welding.

"The sheet metal wall structures are those commonly known as insulating wall structures. Such structures are characterized by exterior sheets constituting the inner and outer faces of the wall and intervening spacing devices formed of sheet material and serving jointly to preserve the exterior sheets in spaced relation, usually parallel, and to connect the exterior sheets together. Thus there is formed a cell-like structure and through the geometry of the cells themselves, very largely is determined the ultimate stiffness, strength and durability of the wall structure.

"A principal object of the invention is to produce such a structure by electric resistance welding and by a continuous progression of the welding whereby the structure *may be turned out by the square yard continuously rather than intermittently by the piece.* The structure is of substantially uniform thickness and has a substantially flat plane surface, and comprises in general a pair of plane flat cover sheets se-

cured in spaced relation as a unitary structure by an intervening member or members of sheet metal, to afford *a high degree of strength in proportion to weight,* and to provide a cellular structure of greatest possible strength producible at high efficiency. The connection is by resistance welding and preferably by projection welding. To this end either or both the exterior sheets or the deformations of the interior spacing members are provided with spuds or other projections, localizing the resistance welding. Applicant attains progressive and continuous fabrication by simultaneously making a great multiplicity of welds in an extended area and progressing this area until the whole area is welded together. * * * " (Italics quoted.)

The claims at bar were rejected by the Primary Examiner for lack of patentability over each of Budd et al., Gravell, and Lawson, in view of each of Rietzel and Lachman. The Examiner concluded that each of the primary references, Budd et al., Gravell, and Lawson (the Lawson patent is not found in the record), shows that it is old to fabricate a composite building unit by positioning spacing members between surface sheets and welding pairs of points at successive intervals until welding has been effected through the entire surface of the structure, and that each of the secondary references shows that it is old to utilize projection welding where a plurality of points are welded simultaneously. The Examiner stated: " * * * The Examiner has held that there would not be evolution of a new and patentable process in utilizing the teaching of simultaneously projection welding a plurality of points as taught by Lachman and Rietzel when carrying out the process of any of Budd, Gravell or Lawson. No particular point is made in the references of sequential operations. The references do, however, clearly show sequential welding pairs of spots in series. No invention is seen in welding a plurality of points over a given area in the stead of welding a single pair of points in series. The applicant is welding large structural members. In doing so he must either weld the total panel at a single operation or he must weld in successive fractional areas. In the choice of the latter alternative, a necessity because of machinery limitations when welding large panels, there accrues only the expected and obvious result from such choice.

The Board of Appeals affirmed the action of the Examiner in rejecting the claims, for the reasons which had been assigned by the Examiner. The Examiner mentioned the patent to Lawson, but the same was not included in his list of references, and the Board made no reference to it. The Board was of the opinion that it was not a matter of invention to simultaneously weld at a series of spots spaced in more than one direction. The Board called attention to the fact that Rietzel and Lachman show that it is old to weld two members, one of which is a flat sheet, to another through projections formed at certain spaced positions, and that Rietzel describes welding under action of electric current at isolated or distinct points in certain areas so that there is a union of sheets at such spots entirely surrounded by areas of no union. The Board stated: "* * * While it may not be definite from the Rietzel disclosure that the welding takes place on a certain area including a multiplicity of spot welds spaced in more than one direction, yet it is probably the patentee's intention to so weld the sheets as shown in Figs. 6 and 7. In any event it is not our view that it is a matter of invention to simultaneously weld at a series of spots spaced in more than one direction. Obviously if there was a large sheet to be welded to an intermediate member it would be impracticable to simultaneously weld said sheet at a large number of spaced points and the obvious alternative is to weld in a fractional area of such dimensions that the current required for the welding would not be excessive. We are satisfied that the view of the examiner in this connection is warranted."

It is true that no single reference discloses the method recited in the appealed claims. Claim 13 differs from claim 11, in that in claim 13 the areas welded at one time are said to be "of substantially equal extent."

We are in agreement with the conclusion reached by the Patent Office tribunals that in view of the teaching of Rietzel and Lachman it would not involve invention to simultaneously weld the points when applied to such a structure as shown by Budd et al. and Gravell. We agree with the Board that the simultaneous welding emphasized by the applicant would be an obvious alternative in view of the prior art. It is not disputed that applicant's method when carried out in the manner detailed might produce a better product than that of the prior art, but it is our view, as it was that of the tribunals below, that, in view of the prior art, applicant has done nothing which involves invention.

The decision of the Board of Appeals is affirmed.

Affirmed.